UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIIVISION at LEXINGTON

CIVIL ACTION NO.: 07-CV-00029-JMH

BARBARA OLINGER, as Mother
And Next Friend of "A", a
Minor child under the age of 18 years, PLAINTIFF,

VS. **MOTION TO REMAND**

THE CHURCH OF JESUS CHRIST
OF LATTER DAY SAINTS

AND

JASON STARKS, DEFENDANTS.

******************************

Comes now the Plaintiff, Barbara Olinger, as Mother and Next Friend of "A", a Minor child under the age of 18 years, by counsel. Pursuant to 28 U.S. Code § 1447 ( c ) the Plaintiff moves the Court to remand this action to the Commonwealth of Kentucky, Lee Circuit Court, from the United States District Court, Eastern District of Kentucky, Central Division at Lexington, Civil Action No. 07-CV-00029-JMH. In support of her Motion To Remand, the Plaintiff states as follows:

1. On or about January 26, 2007, the Defendant, The Church of Jesus Christ of Latter Day Saints (hereinafter referred to as "The Church" filed a Notice of Removal pursuant to 28 U.S. Code § 1332 based upon diversity of citizenship.

Dockets.Justia.com

2. The Plaintiff, Barbara Olinger, is a resident of Lee County.

3. The Defendant, The Church, owns property in Lee County at 0 Grand Ave., Beattyville, Kentucky. That real estate is recorded in Deed Book 119, Page No. 155, in the Lee County Court clerk's office. (See attached "Exhibit A", which is incorporated herein by reference as if set out herein in its entirety.)

4. The Defendant, The Church, also owns property in Perry County at 106 Rock Ridge Road, Hazard, Kentucky. That real estate is recorded in Deed Book 218, Page No. 396, in the Perry County Court Clerk's office. (See attached "Exhibit B", which is incorporated herein by reference as if set out herein in its entirety.)

5. Although The Church is a world-wide organization, it operated and does business throughout the state of Kentucky and more specifically in the following Kentucky counties: Lee County; Perry County; and Fayette County at 1789 Tates Creek Road and at 1195 S. Main Street, Lexington, Kentucky.

6. Jason Starks, a codefendant of The Church, and Rex Roat, a second individual who served The Church with Mr. Starks, were agents of The Church pursuant to its rules and procedures during the time period in which the incidents at issue occurred. They were agents because the Church assigned them to be missionaries on a two-year mission specifically located in Lee County, Kentucky, entailing their representation of The church and their advocacy of its ideals and practices to both adults

and minors whom they came into contact with, such as the Plaintiff.

7. Although in Paragraph 4 of its Notice of Removal, The Church claims of itself that "no such legal entity exists" in response to the Plaintiff's assertion in her Petition that The Church of Jesus Christ of Latter Day Saints is a resident of Lee County. In fact, The Church is a legal entity subject to a suit under Kentucky law. In a footnote accompanying Paragraph 4, The Church cites to Willis v. Commonwealth, Ky, 323 SW 2d 847 (1959) to support its claim that it is a purely "spiritual entity" separate and distinct from the Church's associated Corporation of the President of The Church of Jesus Christ of Latter Day Saints (COP). "COP is a corporation solely organized under Utah law," The Church avers, "a form of organization that allows for the incorporation of one or more high offices in a church. COP can sue and be sued, enter contracts, hire and pay employees and otherwise carry out church business. In contrast, The Church itself is an association of believers, the purpose of which is to build faith, provide religious guidance, administer religious rites and, according to Church doctrine, perpetuate the Kingdom of God on earth. The Church has neither assets nor employees, and it does no business in any state - it is a purely spiritual entity." As a purely spiritual rather than legal entity, the Church concludes, under the holding of Willis it is not subject to suit as is the legal entity COP. COP, however, is likewise not subject to suit in Kentucky's courts, the Church further

concludes, because it is a Utah corporation. The Church's analysis of Willis is flawed, however, because the Willis court's holding turned on its resolution of a dispute between members of an incorporated Baptist Church over the implementation of meeting procedures under the Church's corporate charter. Willis is thus not even remotely on point with the agent-and-principle provisions of the law underlying the Plaintiff's pending suit. Although it is true, as the Church contends, that COP conducts much of the financial business of the Church, the Church nevertheless cannot reasonably dispute that the business's function is to enable the Church to fulfill its spiritual purpose: the promotion and implementation of Church ideology, a purpose accomplished in part through the action of missionary-agents like Mr. Sparks in Kentucky.

8. By operating and doing business in addition to holding real estate throughout Kentucky, as well as through authorizing missionary-agents such as Mr. Sparks and Mr. Roat to act in the Church's name and on its behalf in the state of Kentucky, both the Church and its missionary-agents should be held accountable for their actions which occurred within the state.

Respectfully submitted,

Michael A. Stidham EGS

MICHAEL A. STIDHAM
STIDHAM-FRANCISKY LAW OFFICE
P.O. BOX 732
JACKSON, KENTUCKY 41339
(606) 666-5401
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

This does hereby certify that the foregoing has been served upon the parties hereto

By mailing a true and correct copy of the same to the following:

EFC Filing to:
U.S. District Court Clerk
www.kyed.uscourts.gov

Copies to:

Hon. Jon L. Fleischaker
Hon. Jeremy S. Rogers
DINSMORE & SHOHL LLP
1400 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202

Hon. Kendall Robinson
212 Church
P.O. Box 710
Booneville, KY 41314

Mr. Jason Starks
1160 North 4000 West
Rexburg, ID 83440

This 26th day of February, 2007.

Michael A Stidham EGS

MICHAEL A. STIDHAM
ATTORNEY FOR PLAINITFF