UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON
[FILED ELECTRONICALLY]

| | | |
|---|---|---|
| BARBARA OLINGER, as Mother and<br>Next Friend of "A", a Minor<br>Child Under the Age of 18 Years,<br><br>Plaintiff,<br><br>V.<br><br>THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, and<br>JASON STARKS,<br><br>Defendants. | ) | Civil Action No. 5:07-29-JMH |

** ** ** ** **

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO REMAND**

Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP"), by and through counsel and in opposition to Plaintiffs' Motion to Remand, hereby states as follows.

## I. INTRODUCTION

Plaintiffs' Verified Petition names as a defendant The Church of Jesus Christ of Latter-day Saints ("the Church" or "LDS Church"). But COP is the "'real party to the controversy.'" Certain Interested Underwriters at Lloyd's of London v. Layne, 26 F.3d 39, 41 (6th Cir. 1994) (quoting Carden v. Arkoma Assocs., 494 U.S. 185 (1990)). As such, it is COP's citizenship that counts for purposes of diversity jurisdiction. The Church does not exist as a legal entity. At times, it has been characterized as an unincorporated voluntary association, but even then there is

Dockets.Justia.com

no entity with formal, legal existence and no assets to satisfy any judgment.[1] Moreover, Kentucky law makes clear that, "an unincorporated association cannot be sued solely in its own name." Am. Collectors Exch., Inc. v. Kentucky State Democratic Cent. Executive Comm., 566 S.W.2d 759, 761 (Ky. App. 1978). COP is the corporate face of the Church. It has the capacity to sue and be sued and to satisfy a judgment. The Church itself *cannot* be the real defendant. COP is incorporated in, and has its principal place of business in, Utah. Defendant Starks is a citizen of Idaho. Plaintiffs are citizens of Kentucky. Complete diversity exists, and the amount in controversy exceeds $75,000. The Court should deny Plaintiffs' Motion to Remand.

## II. FACTS

1. Plaintiffs filed their Verified Petition in Lee Circuit Court in Lee County, Kentucky on December 18, 2006.

2. On January 26, 2007, COP filed a notice of removal and answered the Verified Petition.

3. COP is a "corporation sole," incorporated under Utah law and having its principle place of business in Utah. (Affidavit of Paul Rytting ¶ 3; see also Utah Code Ann. § 16-7-6.)

4. Plaintiffs are citizens of Kentucky. (See Verified Petition at ¶ 1.)

5. Defendant Jason Starks is a citizen of Idaho. (See Verified Petition at ¶ 1; Notice of Removal at ¶ 4.)

6. The LDS Church is a religious entity that conducts no business and has no assets from which to satisfy a judgment. (Rytting Aff. at ¶ 4.)

[1] "A voluntary unincorporated association is a name applied to a group of individuals who have joined together for a certain object and who are called, for convenience, by a common name. Unincorporated associations are not recognized as entities at law, and have no existence separate and apart from that of their individual members." 1 William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations § 23. Because, here, the Church has taken a corporate form, the Church is technically not an unincorporated association.

# III. ARGUMENT

## A. COP is the Real Party to the Controversy.

Federal courts do not blindly accept that the parties named in the pleadings are the real parties to the controversy. "[W]hether there is complete diversity of citizenship . . . is generally answered by application of the 'real party to the controversy' test." Certain Interested Underwriters at Lloyd's of London, 26 F.3d at 41 (quoting Carden v. Arkoma Assocs., 494 U.S. 185 (1990)); see generally Wright & Miller, Federal Practice and Procedure, § 1556 ("The general rule is that the citizenship of the real party in interest is determinative in deciding whether diversity jurisdiction exists."). As stated by the Sixth Circuit, quoting the Supreme Court,

> This court will not suffer its jurisdiction to be ousted, by the mere joinder or non-joinder of formal parties; but will rather proceed without them, and decide upon the merits of the case between the parties, who have the real interests before it, whenever it can be done, without prejudice to the rights of others.

Certain Interested Underwriters at Lloyd's of London, 26 F.3d at 42 (quoting Wormley v. Wormley, 21 U.S. (8 Wheat.) 421, 451 (1823)).

That COP is the "real party in controversy" here is clear. First, the Church itself cannot be sued in Kentucky's courts.[2] Thus, even if this court were to remand the case, Plaintiffs' Verified Petition would either have to be dismissed or amended to substitute COP as the defendant, which would then create diversity jurisdiction whereupon the case would be removed to federal court again. Second, the Church has no assets. Any judgment obtained by Plaintiffs

---

[2] Under Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an unincorporated association "to sue or be sued shall be determined by the law of the state in which the district court is held . . . ." Voluntary associations, such as the LDS Church, "are not legal entities and in Kentucky they cannot properly sue or be sued as such." Business Realty, Inc. v. Noah's Dove Lodge #20, 375 S.W.2d 389, 390 (Ky. Ct. App. 1964).

will be satisfied by COP. Finally, as noted, COP is the corporate face of the Church. As such, COP is invested with the legal authority to sue and be sued on behalf of the Church.

That the entity that actually controls the property and conducts the affairs of an unincorporated association is the real party to a controversy is evident from Navarro Sav. Ass'n. v. Lee, 446 U.S. 458 (1980). In that case, suit was brought in federal court by the individual trustees of a trust. The defendants alleged that behind the trust was an unincorporated association and that the beneficial shareholders of the trust were the real parties in interest. The Court rejected the argument, holding that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others." Id. at 464. In contrast, the individual beneficiaries "can neither control the disposition of this action nor intervene in the affairs of the trust except in the most extraordinary situations." Id. at 464-65.

A similar relationship exists between a religious corporation and an unincorporated voluntary religious association. Speaking of "the incorporated body" of a Church as compared to "a religious congregation or association of the same name," the Kentucky Supreme Court stated, "Such a corporation is civil in nature and is an entity distinguishable from an ecclesiastical society or association, the one having jurisdiction over the temporal or secular and the other over ecclesiastical or spiritual affairs." Willis v. Davis, 323 S.W.2d 847, 848 (Ky. 1959).[3] Here, COP (and not the Church) is the legal entity that holds property and conducts the temporal affairs of the Church. As such, it is the real party to the controversy.

---

[3] See also 66 Am. Jur. 2d *Religious Societies* § 5 (2001):

> A church society, by incorporating, does not lose its existence or become wholly merged in the corporation. . . . The objects and interests of the one are moral and spiritual; the other deals exclusively with things temporal and material.

In filing their suit, Plaintiffs do not appear to have distinguished between the Church and its corporate entities. Thus, in their Motion to Remand, Plaintiffs contend that "The Church" owns property in Lee County and Perry County. (Mot. to Remand at ¶¶ 3-5.) But the deeds attached as Exhibits A-2 and B-3 both state that the properties in question were conveyed to "CORPORATOIN OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation, sole . . . ." [4] Again, the Church itself does not own any property or conduct any business. It is solely an ecclesiastical entity.[5]

**B. Diversity Jurisdiction Exists.**

For purposes of diversity jurisdiction "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Here, COP is both incorporated in, and has its principal place of business in, Utah. (Rytting Aff. ¶ 3.) Defendant Jason Stark is a resident of Idaho, and Plaintiffs are Kentucky residents. (Verified Petition at ¶ 1; Notice of Removal at ¶ 4.) In its

---

> Each as a body is entirely independent and free from any direct control or interference by the other. Thus, whenever there is an incorporated church, there are two entities—the one, the church as such, not owing its ecclesiastical or spiritual existence to the civil law, and the other, the legal corporation—each separate, although closely allied. The former is purely voluntary and is not a corporation or a quasi corporation. On the other hand, a corporation is formed for the acquisition and taking care of the property of the church, must be regarded as a legal personality, and is in no sense ecclesiastical in its functions.

[4]Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints ("CPB") is another corporate entity through which the Church operates. CPB owns the real property where weekly religious services are held. If this case involved premises liability, CPB would be the proper defendant. COP, by contrast, funds the operation of the local units and the ecclesiastical Church. All of this simply makes clear that the Church itself does not exist as a legal entity but operates through corporate entities.

[5] Although it is clear that COP is the real party to this controversy regardless of what the caption of the Verified Petition states, if necessary, COP can be formally substituted. COP can satisfy a judgment.

Notice of Removal, COP asserted that more than $75,000 was in controversy. Not surprisingly, Plaintiffs' Motion to Remand does not dispute this. Accordingly, all of the prerequisites for diversity jurisdiction have been satisfied. This Court has jurisdiction, and Plaintiffs' Motion to Remand should be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand should be denied.

Respectfully submitted,

/s/ Jon L. Fleischaker________________
Jon L. Fleischaker
Jeremy S. Rogers
DINSMORE & SHOHL LLP
1400 PNC Plaza
500 West Jefferson Street
Louisville, KY 40202
(502) 540-2344 (Telephone)
(502) 585-2207 (Fax)
*Counsel for COP*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was this 12th day of March, 2007 filed electronically via the Court's CM/ECF system, which effects service via email upon the following:

Michael Stidham
Bruce Francisky
P.O. Box 732
Jackson, Kentucky 41339
*Counsel for Plaintiffs*

Bernard Pafunda
Pafunda Law Office
175 E. Main Street
Suite 600
Lexington, KY 40507
*Counsel for Defendant Jason Starks*

/s/ Jon L. Fleischaker
Counsel for COP

118914v1